**Bobby J. FOWLER, Petitioner–Appellant,**

v.

**Dan JOHNSON, Superintendent, Respondent–Appellee.**

No. 02–35916.

D.C. No. CV–00–00370–AA.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2003.*

Decided July 31, 2003.

Before GOODWIN, HUG, and BERZON, Circuit Judges.

MEMORANDUM**

Bobby Fowler ("Fowler") appeals from the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Fowler argues that his trial counsel's failure to object to the admission of a sexually explicit letter constituted ineffective assistance of counsel. Because the facts of the case are known to the parties, we do not recite them here except as necessary to explain our decision.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in a state court, unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). Further, "a determination of a factual issue made by a State court shall be presumed to be correct." *Id.* § 2254(e)(1).

"To establish a claim for constitutionally ineffective assistance of counsel, [a petitioner] must show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Karis v. Calderon,* 283 F.3d 1117, 1130 (9th Cir.2002) (internal quotation marks and citations omitted). This showing involves a two-part inquiry: 1) whether the attorney's representation fell below an objective standard of reasonableness, and 2) whether the attorney's deficient performance prejudiced the petitioner's defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The letter in question was clearly relevant to show Fowler's state of mind and intent to rape the victim. *See* Or.Rev.Stat. §§ 40.150, 40.155, *State v. Clegg,* 332 Or. 432, 31 P.3d 408, 413 (2001) (Oregon's evidence rules set a very low threshold for the admission of evidence). The letter corroborated the victim's testimony, and on cross-examination, Fowler acknowledged the letter's contents and that the victim had read it. We find that Fowler's attorney's failure to object to clearly relevant evidence does not fall below the objective standard of reasonableness. *See Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052.

Even assuming that the letter was not relevant, Fowler has failed to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Downs v. Hoyt,* 232 F.3d 1031, 1038 (9th Cir.2000), *cert. denied,* 532 U.S. 999, 121 S.Ct. 1665, 149 L.Ed.2d 646 (2001). The evidence against Fowler was substantial, and he has failed to show how the admission of the letter would have caused a different result.

The state court decision was neither contrary to, nor an unreasonable application of, clearly established federal law; nor did it involve an unreasonable determination of the facts.

AFFIRMED.